UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**STEVE HAYES, JR.**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 23-406**

**TIMOTHY HOOPER, WARDEN**                              **SECTION: "G"(4)**

### ORDER

"A COA [Certificate of Appealability] will issue only if the requirements of [28 U.S.C.] § 2253 have been satisfied."[1] Section 2253(c) permits issuance of a COA when "a petitioner has made a 'substantial showing of the denial of a constitutional right.'"[2] "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"[3] When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[4]

---

[1] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

[2] *Id.* (quoting 28 U.S.C. § 2253(c)).

[3] *McGowen v. Thaler*, 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[4] *Id.* (quoting *Slack*, 529 U.S. at 484).

The petitioner must demonstrate "'something more than the absence of frivolity or the existence of mere 'good faith' on his or her part.'"[5] However, a COA should not be denied "merely because [the court] believes the applicant will not demonstrate an entitlement to relief."[6] In addition "any doubts as to whether a COA should be granted are resolved in the petitioner's favor,"[7] and the severity of the penalty may be a consideration in deciding whether a petitioner has made a "substantial showing."[8]

For the reasons set forth in this Court's Order adopting the Magistrate Judge's Report and Recommendation, the petition is time barred. Moreover, this issue would not engender debate among reasonable jurists. Accordingly,

**IT IS HEREBY ORDERED** that a Certificate of Appealability is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this  27th  day of September, 2023.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[5] *Id.* (quoting *Miller-El*, 537 U.S. at 338).

[6] *Id.* (quoting *Miller-El*, 537 U.S. at 337).

[7] *Id.*

[8] *See id.*; *Hill v. Johnson*, 2010 F.3d 481 484 (5th Cir. 2000) ("[W]e may consider the severity of his penalty in determining whether he has met his 'substantial showing' burden.").